IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**MANUEL VAZQUEZ-MENDEZ**
    Petitioner,

v.

**CIVIL NO. 09-1025(PG)**
**RELATED CRIM. 00-333(PG)**

**UNITED STATES OF AMERICA,**
    Respondent.

## **OPINION & ORDER**

Before the Court is Petitioner's 28 U.S.C. Sec. 2255 Habeas Corpus Petition (D.E.1)[1]. Respondent filed a Response to the Petition (D.E.2). Petitioner filed a Reply to the Government's Response (D.E. 3) as well as Motion for Evidentiary Hearing (D.E. 7). For the reasons discussed below, the Court finds the Petition shall be **DENIED** and the request for evidentiary hearing is also **DENIED.**

### **I. BACKGROUND**

On June 30, 2000, Petitioner, Manuel Vazquez-Mendez (hereinafter "Petitioner" or "Vazquez-Mendez") and eighteen (18) additional co-defendants were indicted by a Federal Grand Jury (Crim. D.E. 2)[2]. Petitioner was specifically charged with conspiracy to possess with intent to distribute multi-kilogram quantities of controlled substances, that is to say, in excess of one (1) kilogram

---

[1] D.E. is an abbreviation of docket entry number.

[2] Crim.D.E. is an abbreviation of criminal docket entry.

Civil No. 09-1025(PG)                                                Page 2

of heroin, a Schedule I Narcotic Drug Controlled Substance, in excess of five (5) kilograms of cocaine, a Schedule II Narcotic Drug Controlled Substance, in excess of fifty (50) grams of cocaine base, a Schedule II Narcotic Drug Controlled Substance, in violation of Title 21, <u>United States Code</u>, Sec. 841(a)(1) (Crim. D.E. 2).

On February 5, 2001, Petitioner's Change of Plea Hearing was held (Crim.D.E.183). Vazquez-Mendez entered a plea of guilty to count one of the Indictment as charged[3] (Crim.D.E. 183). On June 28, 2001, at the Petitioner's Sentencing Hearing, Vazquez-Mendez informed the Court that he wished to withdraw his guilty plea. The Court accepted the withdrawal and trial date was set (Crim.D.E. 304). On November 20, 2001, after a sixteen day jury trial Vazquez-Mendez was found guilty of count one of the Indictment (Crim.D.E. 500).

On December 14, 2001, Petitioner, through counsel, filed his objections to the Pre-Sentence Report (Crim.D.E. 528). Vazquez-Mendez specific objection was to the additional enhancement to his sentence calculation for his participation in the murder as described in overt act fourteen (14) of the Indictment. Petitioner alleged that the issue of his involvement in the murder as described in overt act fourteen (14) should have been submitted to the

---

[3] There was no Plea Agreement between Petitioner and the Government.

jury for their determination on the matter. As such Petitioner argued that the cross-reference to murder could not be applied to his sentencing guideline calculation.

On December 17, 2001, the Court sentenced Petitioner to a term of imprisonment of life, a Supervised Release Term of ten (10) years and a Special Monetary Assessment of one hundred (100) dollars (Crim.D.E. 534)[4]. On December 27, 2001, Petitioner filed a Notice of Appeal (Crim.D.E. 555). On Appeal Vazquez-Mendez once again raised the allegation of the improper application of the murder cross-reference. Petitioner alleged that it was a matter for the jury to determine and that the Government had not presented any evidence of his involvement in the murder. In a supplemental appeal brief, Vazquez-Mendez alleged that the imposition of life sentence based on drug quantity was also an error because the jury did not make individual determinations as to the amount of drugs each defendant was responsible for (D.E. 2).

On April 11, 2005, the First Circuit Court of Appeals issued its opinion on the matter. As to Petitioner's involvement in the murder and the alleged lack of evidence the Court stated:

---

[4] Counsel for defendant raised once again the argument that the murder cross reference enhancement should not be applied to Petitioner's sentence because it was not a matter which the jury made a finding on. The Government opposed said argument and the Court denied the Petitioner's objection. See; Sentencing Hearing Transcript of December 17, 2001.

> "A cooperating witness, Joel Irizarry-Rosario, made a valid in court identification of Manuel Vazquez-Mendez, testified that he was involved with selling drugs at the Tibes Housing Project, and gave detailed testimony that Manuel Vazquez-Mendez was part of a group that hunted down and killed a rival drug dealer named Papito who was at war with the Tibes conspiracy.  Further, the government submitted forensic evidence that corroborated Irizarry-Rosario's testimony about Manuel Vazquez-Mendez's involvement in this murder." United States v. Mercado Irizarry, 404 F.3d 497 at 503 (1st Cir. 2005).

Furthermore, the First Circuit made specific determinations as to the issue of the specific drug quantities attributed to each defendant and the alleged lack of jury finding on the matter.

> "We make one comment as to a sentencing claim made by defendants Hernan Vazquez-Mendez, Eliezer Morega-Vigo, Manuel Vazquez-Mendez, and German Rodríguez Rodríguez.  In supplemental briefing, each of these defendants claims that the maximum penalty he may receive based on the jury verdict alone is twenty years, the default statutory maximum derived from the catch-all provision in 21 U.S.C. Sec. 841(b)(1)(c).  This is so, they argue, because the jury did not make individualized

> quantity determinations as to the type and quantity of drugs that were attributable to each defendant specifically, but rather only determined drug type and quantity attributable to the conspiracy as a whole.
>
> This argument is mistaken. The indictment specified drug type and quantity for each defendant. In addition, the district court instructed the jury that it would be asked to find beyond a reasonable doubt the drug type and quantity stated in the indictment for each defendant found guilty of joining the conspiracy.
> ...
> Here, since the jury found all defendants guilty of a conspiracy to distribute greater than one kilogram of heroin and five kilograms of cocaine, the relevant statutory maximum penalty would be the penalty set forth in 21 U.S.C. Sec. 841(b)(1)(A) which is life." Mercado Irizarry at 503-504.

The conviction of each defendant was affirmed on appeal. United States v. Mercado Irizarry, 404 F.3d 497 (1st Cir. 2005). The sentence for each defendant was vacated and the cases were remanded for consideration of the sentence of each defendant in light of the findings in United States v. Booker, 543 U.S. 220 (2005). As to the remand, the Court stated as follows:

> "The Guidelines are now advisory and the judge is no longer mandated to impose a life sentence, so given the government's concession, remand is appropriate. Of course, we intimate no view on what sentences should be imposed on remand." Mercado Irizarry, at 503.

On October 30, 2006, Petitioner's re-sentencing hearing was held (Crim.D.E. 928). Vazquez-Mendez was again sentenced to a term of life imprisonment (Crim.D.E. 928). On November 2, 2006, Petitioner filed a Notice of Appeal (Crim.D.E. 929). On December 21, 2007, the First Circuit Court of Appeals issued its Judgment stating: "Having reviewed the record, we find no plausible grounds for the defendant's appeal of his life sentence. The motion to withdraw under Anders v. California, 386 U.S. 738(1967), is allowed, and the judgment of the district court is affirmed." United States v. Vazquez-Mendez, Appeal No. 06-2653 (1st Cir. December 21, 2007). No petition for certiorari was filed and judgment became final on March 10, 2008. Accordingly, Vazquez-Mendez's 2255 Petition filed on January 13, 2009, is timely (D.E. 1).

## II. DISCUSSION

In his 2255 Petition, Vazquez-Mendez alleges that his sentence is illegal pursuant to United States v. Booker, 543 U.S. 220 (2005). He further alleges that the First Circuit Court of Appeals opinions on the Booker error in this case are erroneous. Finally Petitioner alleges that

Civil No. 09-1025(PG)                                              Page 7

because of his ineffective counsel these allegations were never raised either at the sentencing phase, appeals phase, re-sentencing or second appeal.  He is therefore raising them for the first time as part of an ineffective assistance of counsel claim (D.E. 1 attachment 1).

Not only does the record contradict Petitioner's claim but the First Circuit Court already specifically addressed the issues now raised by Vazquez-Mendez and he is therefore barred from raising them in his section 2255 motion.

Previously settled claims

A detailed reading of the First Circuit Court's opinion in United States v. Mercado Irizarry, 404 F.3d 497, parts of which are previously transcribed, leave no doubt that these same allegations were already dealt with at the appellate level.  There is no room for re-arguing the same issues.

Claims which have been previously settled in direct appeal, cannot be revisited through a collateral proceeding Withrow v. Williams, 507 U.S. 680 (1983)[5].  Furthermore, the First Circuit Court has clearly established that a section 2255 petition cannot be used to litigate matters that were decided on appeal, Singleton v. United States, 26 F.3d 233 (1st Cir. 1993).  Petitioner is trying to circumvent the system by re-litigating issues that the First Circuit

---

[5] Vazquez-Mendez has not even attempted to make a showing of actual innocence or cause and prejudice.

Civil No. 09-1025(PG)                                                                Page 8

already resolved; by raising them as ineffective assistance of counsel of both his trial and appellate attorney. The same shall not be permitted.

Simply put Vazquez-Mendez must accept the fact that he was correctly and legally sentenced to a term of life imprisonment; there is no room for "buyers remorse".

### III. CONCLUSION

For the reasons stated, the Court concludes that Petitioner **MANUEL VAZQUEZ-MENDEZ** is not entitled to federal habeas relief on the claims. Accordingly, it is ordered that petitioner **MANUEL VAZQUEZ-MENDEZ's** request for habeas relief under 28 U.S.C. Sec. 2255 (D.E.1) is **DENIED,** and his Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. Sec. 2255 is **DISMISSED WITH PREJUDICE.** Petitioner's request for evidentiary hearing (D.E.7) is also **DENIED.**

### IV. CERTIFICATE OF APPEALABILTY

For the reasons previously stated the Court hereby denies Petitioner's request for relief pursuant to 28 U.S.C. Section 2255. It is further ordered that no certificate of appealability should be issued in the event that Petitioner files a notice of appeal because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. 2253(c)(2).

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 22nd of February 2012.

                                        s/ Juan M. Pérez-Giménez
                                        **JUAN M. PEREZ-GIMENEZ**
                                        **UNITED STATES DISTRICT JUDGE**