IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

MANUEL VAZQUEZ-MENDEZ,

  Petitioner

  vs.

UNITED STATES OF AMERICA,

  Respondent

CIVIL NO. 09-1025 (PG)
(CRIMINAL NO. 00-0333)

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
DENYING PETITION FOR WRIT OF AUDITA QUERELA
AND MOTION FOR SUMMARY JUDGMENT

This matter is before the court on petition for a Writ of Audita Querela filed by petitioner on March 5, 2014, (Docket No. 29), as well as a Motion for Summary Judgment filed on June 3, 1014 (Docket No. 33). The United States opposed the motion for Writ of Audita Querela on March 28, 2014 (Docket No. 11). I will recommend that both be denied.

A. PROCEDURAL BACKGROUND: TRIAL LEVEL

Petitioner Manuel Vazquez-Mendez was indicted on June 30, 2000 in a one-count indictment, along with sixteen other defendants. (Crim. No. 00-0333, Docket No. 2). They are charged in that, from on or about 1992 and continuing until the date of the indictment, in the District of Puerto Rico and elsewhere, and within the jurisdiction of this Court, each of the seventeen

CIVIL NO. 09-1025 (PG)                                         2
CRIMINAL NO. 00-0333 (PG)

defendants did knowingly and intentionally combine, conspire, and agree with each other and with diverse other persons to the grand jury known and unknown, to commit an offense against the United States, to wit, to knowingly and intentionally distribute multi-kilo quantities of controlled substances, that is, in excess of one kilogram of heroin, a Schedule I Narcotic Drug Controlled Substance; in excess of five kilograms of cocaine, a Schedule II Narcotic Drug Controlled Substance; in excess of fifty grams of cocaine base, a Schedule II Narcotic Drug Controlled Substance, as prohibited by Title 21, United States Code, Section 841(a)(1).  All in violation of 21 U.S.C. § 846.  (Crim. No. 00-0333, Docket No. 2 at 2-3 ).  The object of the conspiracy was to distribute controlled substances at the Tibes Housing Project located in Ponce, Puerto Rico.  Petitioner is described in the indictment as one of eight runners of the organization who would receive packaged narcotics and deliver them to the sellers for sale at the drug points located at the Tibes Housing Project, and would also collect proceeds derived from the sales already completed by the sellers.  They would be responsible for the status of the inventory of illegal narcotics sold at the drug points and for supervising the operations of the drug point. Crim. No. 00-0333, Docket No. 2 at 5, ¶ 3.  As a result of the indictment, arrest warrants issued and petitioner voluntarily surrendered on July 7, 2000.  The arraignment and bail hearing were held before me July 21,

CIVIL NO. 09-1025 (PG)                              3
CRIMINAL NO. 00-0333 (PG)

2000 (Crim. No. 00-0333, Docket No. 42).  Petitioner was ordered detained pending trial and entered a plea of not guilty.

On February 5, 2001, petitioner entered a guilty plea. (Crim. No. 00-0333, Docket No. 183).  A presentence report was prepared after investigation.  When the case was called for sentencing on June 28, 2001, petitioner moved to withdraw guilty plea.  The motion was granted on that day.  Petitioner and five other defendants proceeded to trial on October 22, 2001. (Crim. No. 00-0333, Docket No. 419).  Five defendants, including petitioner, proceeded to verdict on November 20, 2001.  (Crim. No. 00-0333, Docket No. 495, 500).  A sentence of life imprisonment was imposed by the court on February 17, 2002. (Crim. No. 00-0333, Docket No. 534).  The other defendants that proceeded to verdict also received life imprisonment as their sentences.[1]  As did the others, petitioner filed a timely notice of appeal.  (Crim. No. 00-0333, Docket No. 555).

B. PROCEDURAL BACKGROUND: APPELLATE LEVEL

The conviction was affirmed on April 11, 2005.  Petitioner argued that the district court erred in denying his Fed. R. Crim. P.  29 Motion for judgment of acquittal.  He argued that the evidence did not show that he was involved in

---

[1] Curiously, the five defendants who proceeded to trial and verdict had entered pleas of guilty but slowly moved to withdraw their guilty pleas.

CIVIL NO. 09-1025 (PG)                                  4
CRIMINAL NO. 00-0333 (PG)

the Tibes enterprise but rather another drug point.  Nevertheless, the sentence of life imprisonment was vacated for the district court to reconsider the sentence in light of United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005) and United States v. Antonakopoulos, 399 F.3d 68, 76 (1st Cir. 2005). (Crim. No. 00-0333, Docket No. 743).  United States v. Mercado-Irizarry, 404 F.3d 497, 504 (1st Cir. 2005).  Before Booker, 543 U.S. 220, 125 S. Ct. 738, the court was required to impose a life sentence because it found the murder cross-reference in U.S.S.G. § 2D1.1(d)(1) to be applicable.  Since the Guidelines are now advisory, and thus the life sentence is no longer mandated, the court of appeals determined that remand for resentencing was appropriate under the advisory guidelines, and the government concurred.    United States v. Mercado-Irizarry, 404 F.3d at 503.

On remand, petitioner was again sentenced to life imprisonment on October 30, 2006 and an amended judgment issued on November 14, 2006). (Crim. No. 00-0333, Docket Nos. 928, 930).  Petitioner filed a notice of appeal on November 14, 2006. (Crim. No. 00-0333, Docket No. 929).

On July 18, 2007, the United States Court of Appeals for the First Circuit affirmed the sentence in a one-page judgment. It found no plausible grounds for the defendant's appeal of his life sentence, and granted counsel's motion to

CIVIL NO. 09-1025 (PG)                                    5
CRIMINAL NO. 00-0333 (PG)

withdraw under Anders v. California, 386 U.S. 738, 87 S. Ct. 1396 (1967). United States v. Vazquez-Mendez, No. 06-2653 (1st Cir., Dec. 21, 2007).

## C. MOTION UNDER 28 U.S.C. § 2255

Petitioner filed a motion under 28 U.S.C. §2255 on January 13, 2009. In an opinion and order dated February 22, 2012, the court dismissed the petition with prejudice. Vazquez-Mendez v. United States, 2012 WL 589571 (Feb. 22, 2012)(Docket No. 12). An application for a Certificate of Appealability was denied on October 3, 2012. United States v. Vazquez-Mendez, No. 12-1486 (1st Cir., Oct. 3, 2012). (Docket No. 27)

## D. WRIT OF AUDITA QUERELA

Petitioner filed a petition for a writ of audita querela on March 5, 2014. (Crim. No. 09-1025, Docket No. 29). He argues that because restitution under 18 U.S.C. § 3663A was not a part of his sentence, the sentence is null and void. His argument continues in a potpourri of seminal case law, including argument under Alleyne v. United States, 570 U.S. ___, 133 S. Ct. 2151 (2013), and stresses that the court's failure to order restitution was done deliberately to assure that the life sentence would continue, and to cover up his actual and factual innocence. (Docket No. 29 at 3). Indeed he argues that all opinions and orders previously issued are null and void and must be vacated,

CIVIL NO. 09-1025 (PG)                                    6
CRIMINAL NO. 00-0333 (PG)

and also argues that there is newly discovered evidence, evidence discovered after the denial of his motion to vacate under 28 U.S.C. § 2255.

The United States responded in opposition to the motion on March 28, 2014. (Docket No. 31).  It argues that the issue of restitution was never raised at sentencing, and without an analysis under 18 U.S.C. § 3663, the court cannot order restitution sua sponte.  It further argues that other issues raised by petitioner were decided on appeal or previous collateral review.  I agree, but in any event, regardless of agreement, this court has no jurisdiction to entertain the petition for a writ of audita querela because it is in reality a second or successive motion under 28 U.S.C. § 2255 with a convoluted pastiche of quilted argument, as is the motion for summary judgment.

Federal courts are empowered by the All Writs Act, 28 U.S.C. § 1651, to issue an array of common-law writs that are not otherwise codified, like coram nobis and audita querela. United States v. Ramos-Martinez, 2012 WL 5334750 (D.P.R. Oct. 12, 2012) at *1, citing Trenkler v. United States, 536 F.3d 85, 97 (1st Cir. 2008); see United States v. Caribe-Garcia, 711 F. Supp. 2d 225, 227 (D.P.R. 2010).

> " The armamentarium of common-law writs [is] available only to fill whatever interstices exist in the post-conviction remedial scheme made available to federal prisoners by way of [28 U.S.C. §] 2255." United States v. Rivera-Lebron, 410 Fed. Appx. 352, 353 (1st Cir. 2011), citing Trenkler v. United States, 536 F.3d 85, 97

CIVIL NO. 09-1025 (PG)                                7
CRIMINAL NO. 00-0333 (PG)

(1st Cir. 2008); (Docket No. 232).  The court continues: "Where a prisoner has filed a motion for relief under one of the common law writs, the court must examine the substance of the motion to determine whether the claim is one that would be cognizable under section 2255.  If so, the motion must satisfy the gate-keeping provisions of section 2255(h) in order for the motion to proceed. Id." Id.

Rivera-Lebron v. United States, 2012 WL 2403452 (D.P.R. Apr. 23, 2012) at *2. (Criminal No. 00-917 (JAG), Docket No. 405, Report and Recommendation, adopted May 14, 2012, Docket 406).

Petitioner cannot circumvent the requirements of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) and section 2255 by being creative in naming his request or petition.  Petitioner's multifaceted argument is clearly an attack on his sentence and the legitimacy or validity of the same.  Since section 2255 is the exclusive relief for a prisoner serving a federal sentence, the rule is that a federal prisoner is not allowed to file a writ of habeas corpus under, for example, 28 U.S.C. § 2241, to attack the sentence imposed upon him, but rather should file a petition pursuant to section 2255. Lorentsen v. Hood, 223 F.3d 950, 953 (9th Cir. 2000); United States v. Jordan, 915 F.2d 622, 629 (11th Cir. 1990); Rodriguez v. Martinez, 935 F. Supp. 2d 389, 403 (D.P.R. 2013).  Generally, section 2255 provides the exclusive remedy for a federal prisoner to collaterally attack his sentence.  Petitioner is such a prisoner.  See Rivera-Lebron v. United States, 2012 WL 2403452 at *3.

CIVIL NO. 09-1025 (PG)                              8
CRIMINAL NO. 00-0333 (PG)

Congress has established limitations and requirements in order to file a motion under section 2255.  Again, regardless of the inventive title employed by petitioner, this is such a motion.  The arguments, including reliance on Alleyne, 570 U.S.___, 133 S. Ct. 2151, attack the validity of his conviction and sentence.  With this in mind, I note that in 1996 Congress amended section 2255, imposing more restrictions upon petitioners seeking relief under such section.  The last paragraph of section 2255 now reads:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Title 28 U.S.C. § 2255(h).

It is settled that before submitting a second or successive petition under section 2255, it is necessary to obtain the proper certification from the court of appeals, pursuant to section 2244, "authorizing the district court to consider the [section 2255] application."  28 U.S.C. § 2244(b)(3)(A); In re Goddard, 170 F.3d 435, 436 (4th Cir. 1999).  Absent the proper certification from the court of

CIVIL NO. 09-1025 (PG)                                    9
CRIMINAL NO. 00-0333 (PG)

appeals, the district court is without jurisdiction and therefore precluded from entertaining a section 2255 application. United States v. Key, 205 F.3d 773, 774 (5th Cir. 2000); Muriel-Morales v. United States, 2013 WL 5724054 (D.P.R. Oct. 21, 2013) at *2; Coplin-Bratini v. United States, 2009 WL 605758 (Mar. 9, 2009), citing Trenkler v. United States, 536 F.3d 85 (1st Cir. 2008).   If a circuit court, upon request, determines that there is something unusual in a second or successive request to merit further inquiry, it can grant the application and refer it to the district court. See e.g. Moreno-Morales v. United States 334 F.3d 140, 145 (1st Cir. 2003); Muriel-Morales v. United States, 2013 WL 5724054 at *2.

   Petitioner does not make reference to any of the barriers which are in his way to obtain relief of audita querela, a rare form of relief, reserved for extreme cases, rather than one involving petitioner's garden variety issues regarding sentencing, issues which mostly been considered and resolved against him on appeal. See Rivera-Lebron v. United States, 2012 WL 2403452 at *4.  Indeed, he alleges that there exists crucial newly discovered evidence, an argument which falls squarely withing the wording of 28 U.S.C. § 2255(h)(1).

   Petitioner's motion must be treated and ruled on under the standards of section 2255, which proves fatal to the petition, at least in this court.   Since

CIVIL NO. 09-1025 (PG)                    10
CRIMINAL NO. 00-0333 (PG)

this is clearly a second or successive petition, petitioner should have requested the authorization of the court of appeals before filing the present petition in the district court. 28 U.S.C. §§ 2244(b)(3)(A), 2255(h).  Petitioner has not requested the court of appeals' authorization.  See United States v. Caribe-Garcia, 711 F. Supp. 2d at 227.  Since it is from the order of the court of appeals that this court acquires jurisdiction to entertain second or successive petitions under section 2255, the district court is precluded from considering such petition absent the abovementioned authorization.  United States v. Key, 205 F.3d at 774.

Finally, the court must consider whether the petition should be dismissed or transferred to the court of appeals to be considered in such court as a request for authorization to file a second petition under section 2255.  United States v. Caribe-Garcia, 711 F. Supp. 2d at 227.  Various circuits have endorsed or mandated the practice of transferring the case to the court of appeals under 28 U.S.C. § 1631, for the petition to be considered in such forum as a request for authorization to file their section 2255 petition in the district court.  In re Green, 215 F.3d 1195, 1196 (11th Cir. 2000); Haugh v. Booker, 210 F.3d 1147, 1150 (10th Cir. 2000); Corrao v. United States, 152 F.3d 188, 190 (2nd Cir. 1998); In re Sims, 111 F.3d 45, 47 (6th Cir. 1997). Muriel-Morales v. United States, 2013 WL 5724054 at *3. The First Circuit Court of Appeals,

CIVIL NO. 09-1025 (PG)                              11
CRIMINAL NO. 00-0333 (PG)

has endorsed the dismissal without prejudice of a section 2255 petition that does not have the proper certification of approval from the court of appeals. Pratt v. United States, 129 F.3d 54, 57 (1st Cir. 1997); Ellis v. United States, 446 F. Supp. 2d 1, 3 (D. Mass. 2006).  Nevertheless, before dismissing such a petition for failure to obtain the approval of the court of appeals, "a court is authorized to consider the consequences of a transfer by taking 'a peek at the merits' to avoid raising false hopes and wasting judicial resources that would result from transferring a case which is clearly doomed." Haugh v. Booker, 210 F.3d at 1150; Phillips v. Seiter, 173 F.3d 609, 610-11 (7th Cir. 1999); see also Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 818 (1988) (discussing the authority to transfer to a court of appeals under 28 U.S.C. § 1631);  Rodriguez v. Martinez, 935 F. Supp. 2d at 39.  Such a peek does not reveal any reasoning why the petition should not be dismissed.  Cf. 28 U.S.C. § 1631; Muriel-Morales v. United States, 2013 WL 5724054 at *3.  Petitioner is emphatic in his position that all previous orders an opinions of this court and the court of appeals are null and void.  His motion for summary judgment and petition for writ of querela cut a wide path through the orderly process of collateral review.  Even the issue raised as crucial and seminal, the failure of the court to order restitution, a remedy which was not considered,  is nothing more than a red herring.  See United States v. Jackson-Randolph, 282 F.3d

CIVIL NO. 09-1025 (PG)              12
CRIMINAL NO. 00-0333 (PG)

369, 387 (6th Cir. 2002); Cf. Paroline v. United States, 134 S. Ct. 1710, 1726-29 (2014).  While restitution may be mandatory in some cases, based upon statutory authority, it is not required here.  18 U.S.C. § 3663 (a)(1)(A). Indeed, the court may decline to make an order of restitution in controlled substances cases. 18 U.S.C. § 3663 (a)(1)(B)(ii).

      Federal courts sometimes will ignore the legal label that a pro se litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category.  Castro v. United States, 540 U.S. 375, 381, 124 S. Ct. 786 (2003), citing e.g. Rainieri v. United States, 233 F.3d 96, 100 (1st Cir. 2000)(other citations omitted); see United States v. Sevilla-Oyola, ___F.3d ___, 2014 WL 2462551 (1st. Cir. June 3, 2014) at *8;  Trenkler v. United States, 536 F.3d at 97; Rivera-Lebron v. United States, 2012 WL 2403452 at *5; United States v. Soltero-Lopez, 2010 WL 3420029 (D.P.R. Aug. 27, 2010) at *2.   But even on a habeas corpus petition, there is a presumption of regularity of the sentence, a presumption which the petitioner must overcome. Espinoza v. Sabol, 558 F.3d 83, 89-90 n.7 (1st Cir. 2009).  That presumption has not been overcome.   Petitioner has already had his "... .reasonable opportunity to obtain a reliable judicial determination of the fundamental legality of his conviction and sentence."  See United States v. Barrett, 178 F.3d 34, 51 (1st Cir. 1999), quoting In re Davenport, 147 F.3d 605, 609 (1st Cir.

CIVIL NO. 09-1025 (PG)                       13
CRIMINAL NO. 00-0333 (PG)

1998).  There is nothing unfair about converting this petition from a petition for a writ of audita querela to a second or successive section 2255 motion.  See United States v. Rivera-Lebron, 410 Fed. Appx. at 354;  Rivera-Lebron v. United States, 2012 WL 2403452 at *6.

### E. MOTION FOR SUMMARY JUDGMENT

On June 3, 2014, petitioner filed a five-page motion for summary judgment with and attached 50-page memorandum of law. (Docket No. 33). His arguments piggyback on the same arguments presented in the petition for a writ of audita querela, only using a different tack.

> Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a)[2]; Meléndez v. Autogermana, Inc., 622 F.3d 46, 49 (1st Cir. 2010).  The intention of summary judgment is to "pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial."  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)).  "Once the moving party has properly supported [its] motion for summary judgment, the burden shifts to the nonmoving party, with respect to each issue on which [it] has the burden of proof, to demonstrate that a trier of fact reasonably could find in [its] favor."  Santiago-Ramos v. Centennial P.R.Wireless Corp., 217 F.3d 46, 52 (1st Cir. 2000) (quoting DeNovellis v. Shalala, 124 F.3d 298, 306

---

[2]"Rule 56 was amended, effective December 1, 2010.  The standard for granting summary judgment now appears in subsection (a), but remains substantively the same."  Del Toro Pacheco v. Pereira, 633 F.3d. 57, 62 n.6 (D.P.R. 2011)(citing Fed. R. Civ. P. 56 advisory committee's note).

CIVIL NO. 09-1025 (PG)                              14
CRIMINAL NO. 00-0333 (PG)


(1st Cir. 1997)); Cruz-Claudio v. García Trucking Serv., Inc., 639 F. Supp. 2d 198, 203 (D.P.R. 2009.)

Loubriel v. Fondo del Seguro del Estado, 772 F. Supp. 2d 367, 371 (D.P.R. 2011).

The motion and memorandum reveal that there are procedurally defective omissions which are fatal to the motion.

In the District of Puerto Rico, Local Rule 56(b), previously Local Rule 311(12), imposes additional requirements on the party filing for summary judgment as well as the party opposing the motion.  A motion for summary judgment has to be accompanied by "a separate, short, and concise statement of material facts, set forth in numbered paragraphs, as to which the moving party contends there is no genuine issue of material fact to be tried.  Each fact asserted in the statement shall be supported by a record citation as required by subsection (e) of this rule." Local Rules of the United States District Court for the District of Puerto Rico, Local Rule 56(b) (2009).

Loubriel v. Fondo del Seguro del Estado, 772 F. Supp. 2d at 372.

Petitioner has not complied with the requirements of either Fed. R. Civ. P. 56 or Local Rule 56.  Those requirements cannot be overlooked nor can the motion for summary judgment smoothly ride the coattail of a petition for audita querela, which is, notwithstanding petitioner's arguments, a second or successive motion under 28 U.S.C. § 2255.  Because petitioner appears pro se, his pleadings are considered more liberally, however inartfully or opaquely pleaded,  than those penned and filed by an attorney.  See Erickson v. Pardus,

CIVIL NO. 09-1025 (PG)                    15
CRIMINAL NO. 00-0333 (PG)

551 U.S. 89, 94, 127 S. Ct. 2197, 2200 (2007); <u>Ramirez-Burgos v. United States</u>, ___F. Supp. 2d ___, 2013 WL 6869653 (Dec. 23, 2013) at *11; <u>Campuzano v. United States</u>, 976 F. Supp. 2d 89, 97 (D.P.R. 2013); <u>Proverb v. O'Mara</u>, 2009 WL 368617 (D.N.H. Feb. 13, 2009). Notwithstanding such license, petitioner's pro se status does not excuse him from complying with both procedural and substantive law. See <u>Ahmed v. Rosenblatt</u>, 118 F.3d 886, 890 (1st Cir. 1997). This is clear when the court is required to ferret through a record to determine whether there are genuine issues of material fact. <u>Rivera Narvaez v. United States</u>, 2013 WL 4045686 (D.P.R. Aug.7, 2013) at *1, n.1.

### F. RECOMMENDATION

The court has no jurisdiction to entertain the merits of petitioner's request. "Call it a motion for new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit, bill of review, writ of error, or an application for a Get-Out-Of-Jail Card; the name makes no difference." <u>United States v. Baker</u>, 718 F.3d 1204, 1208 (10th Cir. 2013); <u>Melton v. United States</u>, 359 F.3d 855, 857 (7th Cir. 2004), cited in <u>United States v. Holly</u>, 444 Fed. Appx. 309, 311 (10th Cir. 2011); <u>United States v. Rivera-Lebron</u>, 2009 WL 3157326 (Sep. 29, 2009) at *2. In view of the above, I recommend that petitioner's motion for a writ of audita querela under Title 28 U.S.C. § 1651(a), (Docket No.

CIVIL NO. 09-1025 (PG)                16
CRIMINAL NO. 00-0333 (PG)

29), be treated as a successive motion under Title 28 U.S.C. § 2255, and be DENIED without evidentiary hearing for lack of subject matter jurisdiction.  I also recommend that the motion for summary judgment be DENIED for failure to comply with Fed. R. Civ. P. And Local Rule 56, and because it is an extension of a petitioner for a writ of audita querela, which is nothing more than a second or successive motion for relief under 28 U.S.C. § 2255. (Docket No. 33).

Furthermore, I recommend that no certificate of appealability issue should petitioner file a notice of appeal, because there is no substantial showing in either motion of the denial of a constitutional right within the meaning of Title 28 U.S.C. § 2253(c)(2). <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336, 123 S. Ct. 1029 (2003); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484, 120 S. Ct. 1595 (2000); <u>Lassalle-Velazquez v. United States</u>, 948 F. Supp. 2d 188, 193 (D.P.R. 2013).

Under the provisions of Rule 72(d), Local Rules, District of Puerto Rico, any party who objects to this report and recommendation must file a written objection thereto with the Clerk of this Court within fourteen (14) days of the party's receipt of this report and recommendation.  The written objections must specifically identify the portion of the recommendation, or report to which objection is made and the basis for such objections.  Failure to comply with this rule precludes further appellate review.  See <u>Thomas v. Arn</u>, 474 U.S. 140, 155 (1985); <u>Davet v. Maccorone</u>, 973 F.2d 22, 30-31 (1st Cir. 1992); <u>Paterson-</u>

CIVIL NO. 09-1025 (PG)                    17
CRIMINAL NO. 00-0333 (PG)

Leitch Co. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985 (1st Cir. 1988); Borden v. Sec'y of Health & Human Servs., 836 F.2d 4, 6 (1st Cir. 1987); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); United States v. Vega, 678 F.2d 376, 378-79 (1st Cir. 1982); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980).

At San Juan, Puerto Rico, this 23d day of June, 2014.


                              S/JUSTO ARENAS
                              United States Magistrate Judge