**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **MANUEL VAZQUEZ-MENDEZ,**<br><br>    Petitioner,<br><br>        v.<br><br>**UNITED STATES OF AMERICA**,<br><br>    Respondent. | CIV. NO. 09-1025(PG)<br>(Re: Criminal No. 00-0333(PG)) |

**OMNIBUS OPINION AND ORDER**

Before the court are Petitioner's motion for writ of audita querela (Docket No. 29) filed on March 5, 2014 and motion for summary judgment (Docket No. 33). As per this court's request, on June 23, 2014, Magistrate-Judge Justo Arenas entered a Report and Recommendation ("Report" or "R&R") recommending that the petition be denied and warning the parties that they had fourteen (14) days to file any objections to the R&R. See Docket No. 34. Petitioner filed his objections to the R&R. See Docket No. 37.

Pursuant to 28 U.S.C. §§ 636(b)(1)(B), FED.R.CIV.P. 72(b), and Local Rule 72, a District Court may refer dispositive motions to a Magistrate Judge for a Report and Recommendation. See Alamo Rodriguez v. Pfizer Pharmaceuticals, Inc., 286 F.Supp.2d 144, 146 (D.P.R. 2003). The adversely affected party may "contest the Magistrate Judge's report and recommendation by filing objections 'within ten days of being served' with a copy of the order." U.S. v. Mercado Pagan, 286 F.Supp.2d 231, 233 (D.P.R. 2003)(quoting 28 U.S.C. §§ 636(b)(1)).

If objections are timely filed, the District Judge shall "make a *de novo* determination of those portions of the report or specified findings or recommendations to which [an] objection is made." Felix Rivera de Leon v. Maxon Engineering Services, Inc., 283 F.Supp.2d 550, 555 (D.P.R. 2003). The Court can "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate," however, if the affected party fails to timely file objections, "the district court can assume that they have agreed to the magistrate's recommendation." Alamo Rodriguez, 286 F.Supp.2d at 146 (citation omitted). In fact, no review is required of those issues to which objections are not timely raised. Thomas v. Arn, 474

U.S. 140 (1985); Borden v. Secretary of Health, 836 F.2d 4, 6 (1st Cir. 1987).

## I. Writ of Audita Querela

The crux of petitioner's motion is that his sentence is null and void because the court did not impose restitution and restitution was mandatory under 18 USC § 3663A. Though the Magistrate touches upon some of the issues raised in the request for audita querela, he points out that, ultimately, such exercise is futile because the court lacks jurisdiction. According to the R&R, the petitioner simply used the *audita querela* appellation to refer to what was, in essence, a successive petition under section 2255. See Docket No. 34 at page 9.

The common law writ of audita querela is available to a defendant that seeks "relief against a judgment or execution because of some defense or discharge arising subsequent to the rendition of the judgment." U.S. v. Ayala, 894 F.2d 425, 427 (D.C. Cir. 1990)(citing 11 C. Wright & A. Miller, Federal Practice and Procedure § 2867, at 235 (1973)); see also U.S. v. Holder, 936 F. 2d 1, 5 (1st Cir. 1991)("[I]f available at all, the writ of *audita querela* can only be available where there is a *legal* objection to a conviction, which has arisen subsequent to that conviction, and which is not redressable pursuant to another post-conviction remedy.")

The petitioner challenges his sentence and conviction on three grounds. First, that the sentence imposed is in conflict with the jury verdict form that was returned. Second, that the sentence is illegal because the court did not impose restitution and restitution was mandatory pursuant to 18 U.S.C. § 3663A. Lastly, the petitioner says that he is "actually and factually and legally innocent." See Docket No. 29 at ¶ 37.

After thorough review of the record and allegations, we agree with the Magistrate that the claims embodied in the petition filed by Vázquez-Méndez are cognizable in a section 2255 proceeding. The petitioner claims that he has uncovered "new evidence" that was discovered after the court made a determination on his 2255 petition. See Docket No. 29 at ¶ 39. In reality, Vázquez-Méndez did not deliver on that promise. The "big reveal" was nothing more than speculations that do little to support a discharge from his conviction and sentence.

Regardless of its title, Vázquez-Méndez' petition is nothing more than a request founded on section 2255. Since that would constitute petitioner's second or successive petition, he should have requested the authorization

of the court of appeals prior to filing. See 28 U.S.C. §§ 2244(b)(3)(A). A defendant usually gets one bite of the apple at collateral review under §2255. See U.S. v. Sevilla-Oyola, 770 F.3d 1, 12 (1st Cir. 2014). "Second or successive §2255 motions are severely limited and require certification by the appropriate court of appeals." Id.(making reference to 28 U.S.C. §2255(h)).

 Nothing in the record indicates that the petitioner requested the authorization from the circuit court. The motion is therefore DENIED without evidentiary hearing for lack of subject matter jurisdiction.

## II.  Motion for Summary Judgment

 According to the Report and Recommendation, Vázquez-Méndez's motion for summary judgment does not comply with Fed. R. Civ. P. 56 and Local Rule 56 and merely rehashes the arguments included in the petition for writ of audita querela. We agree with the Magistrate's conclusion.

 Local Rule 56(b) provides that a motion for summary judgment "shall be supported by a separate, short, and concise statement of material facts, set forth in numbered paragraphs, as to which the moving party contends there is no genuine issue of material fact to be tried." Also, each of those assertions of fact must be followed by "a citation to a specific page or paragraph of identified record material supporting the assertion." See Local Rule 56(e). The petitioner's motion fails to conform to these procedural requirements.

 What is more, the motion for summary judgment merely reiterates the allegations contained in the petition for audita querela. In doing so, the petitioner engages once again in a labeling exercise; calling "audita querela" what is really a section 2255 petition and "summary judgment" what is but a rephrasing of his previous request.

 In his Objections to the R&R, the petitioner asserts that the government never responded to his motion and he is therefore entitled to the relief requested. The law says otherwise. "[E]ntry of a summary judgment motion as unopposed does not automatically give rise to a grant of summary judgment. Instead, 'the district court [is] still obliged to consider the motion on its merits, in light of the record as constituted, in order to determine whether judgment would be legally appropriate.'"

Civ. No. 09-1025(PG)                                                    Page 4

Aguiar-Carrasquillo v. Agosto Alicea, 445 F.3d 19, 25 (1st Cir. 2006)(citing Mullen v. St. Paul Fire and Marine Ins. Co., 972 F.2d 446, 452 (1st Cir. 1992)).

    Similarly, Local Rule 56(e) provides that the facts contained in a supporting statement of material facts shall be deemed admitted unless properly controverted, as long as they are supported by record citations as required by the rule. In this case, however, the facts set forth in motion for summary judgment were not properly supported by the record and so the petitioner may not avail himself of the provisions of the rule.

    Based on all the above, upon *de novo* review, we find no fault with Magistrate Judge's assessment and thus **APPROVE** and **ADOPT** his Report and Recommendation as our own. Consequently, Petitioner's motions (Dockets No. 29 and 33) are **DENIED** and the above captioned action will be **DISMISSED WITH PREJUDICE.** Judgment shall be entered accordingly.

    **SO ORDERED.**
In San Juan, Puerto Rico, December 15, 2014.

                                        S/ JUAN M. PÉREZ-GIMÉNEZ
                                        JUAN M. PÉREZ-GIMÉNEZ
                                        UNITED STATES DISTRICT JUDGE